NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DIANNE GRAY, on behalf of herself and all others similarly situated, | : : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 08-4716 (JLL) |
| v. | : : | |
| BAYER CORPORATION and BAYER HEALTHCARE LLC, | : : : | OPINION |
| Defendants. | : : | |

**LINARES**, District Judge.

Pending before this Court is Bayer Corporation and Bayer Healthcare LLC's (collectively, "Defendants") motion to dismiss Plaintiff Dianne Gray's ("Plaintiff") pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). For the reasons set forth below, Defendants' motion is **GRANTED**.

**I.   Facts**

Plaintiff Dianne Gray brings this putative class action on behalf of herself and all other consumers who purchased Defendant Bayer's[1] One-A-Day WeightSmart product. She alleges the following:

On or about January 3, 2007, the United States filed an action against Bayer pursuant to Section 5(1), 13(b) and 16(a) of the Federal Trade Commission Act ("FTCA"). (Compl. ¶ 11.) This lawsuit arose as a result of an earlier lawsuit in which the FTC charged Bayer's predecessor

---

[1] Bayer refers to Bayer HealthCare, LLC, and Bayer Corporation.

with violating sections 5(a) and 12 of the FTCA.  (Id. ¶ 12.)   The Order entered in the earlier lawsuit mandated Bayer's predecessor to cease and desist certain advertising practices with respect to One-A-Day vitamins.  The January 3, 2007 lawsuit alleged that Bayer's national advertising claim for One-a-Day WeightSmart made "unsubstantiated claims that the product increased metabolism, enhanced metabolism through its EGCG content, helped prevent weight gain associated with age-related metabolism decline, and helped users control their weight by enhancing their metabolism."  (Id. ¶ 13.)  As a result of that lawsuit, the FTC and Bayer entered into a consent decree through which Bayer paid a $3.2 million civil penalty and was prohibited from violating the earlier cease-and-desist order.  (Id. ¶ 15.)

     Plaintiff alleges that she was exposed to the "advertising, marketing and labeling representations by Bayer" about increased metabolism, that she purchased the One-A-Day WeightSmart product "at least once from Food World in Montgomery, Alabama approximately three years ago," and that she "received a product that lacked the advertised benefits."  (Id. ¶ 18.)  Accordingly, she alleges four counts on behalf of a putative class of purchasers: a violation of the New Jersey Consumer Fraud Act, negligent misrepresentation, intentional misrepresentation, and unjust enrichment.  (Id. ¶ 29-58.)   As a remedy, Plaintiff requests injunctive relief and damages.  (Id. ¶ 59-62.)

**II.**    **Standard**

     The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled.  Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable

2

inferences in favor of the non-moving party.² See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000).  However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997).  Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. See In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  The complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Id. at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  "Only a claim that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.

Finally, Federal Rule of Procedure 9(b) imposes a heightened pleading requirement with respect to allegations of fraud, over and above that required by Rule 8(a).  Rule 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  "Plaintiffs may satisfy this requirement by pleading the

---

² In doing so, a court may look only to the facts alleged in the complaint and any accompanying attachments, and may not look at the record. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

3

'date, place or time' of the fraud, or through 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" Lum v. Bank of America, 361 F.3d 217, 224 (3d Cir. 2004). "Plaintiffs also must allege who made a misrepresentation to whom and the general content of the misrepresentation." Id.

### III.   Analysis

#### A.   Rule 9(b)

The Third Circuit has held that because the heightened pleading requirement of Rule 9(b) applies to "averments of fraud," it requires a court "to examine the factual allegations that support a particular legal claim." Shapiro v. UJB Financial Corp., 964 F.2d 272, 288 (3d Cir. 1992). More specifically, where "the plaintiff grounds [his claims] in allegations of fraud – and the claims thus 'sound in fraud' – the heightened pleading requirements of Rule 9(b) apply." In re Suprema Specialties, Inc. Securities Litig., 438 F.3d 256, 270 (3d Cir. 2006). Thus, a plaintiff cannot escape Rule 9(b) by alleging claims that do not traditionally involve fraud; rather, the test is whether the particular claim alleged in this matter sounds in fraud. If so, the pleading is subject to 9(b).

Here, each of Plaintiff's claims undoubtedly references allegations of fraud and relies upon an allegedly false representation made by Defendants. Plaintiff agrees that her claims for negligent misrepresentation and intentional misrepresentation are grounded in fraud and subject to Rule 9(b)'s heightened pleading requirement. (Opp. Br. 5.) However, Plaintiff also argues that her CFA and unjust enrichment counts only need to adhere to the regular pleading standard of Rule 8(a). Addressing those claims individually, Count One is for violation of the New Jersey Consumer Fraud Act. Plaintiff alleges that "Bayer uniformly misrepresented and failed to

4

disclose the lack of substantiation of the claimed benefits of taking its One-A-Day WeightSmart products in its advertising, marketing and other promotional materials, and on its labeling and packaging of these products..." (Compl. ¶ 35.) Plaintiff suggests that because her claim is for an "unconscionable commercial practice" under the CFA, it is not dependent upon a proof of fraud. (Opp. Br. 5.) While as a general matter that is true – not all unconscionable commercial practices involve fraud – the practice alleged in this case is clearly fraud. Plaintiff alleges a litany of misrepresentations by Bayer. Thus, because the underpinning of Plaintiff's CFA claim is fraud, the Court applies 9(b) scrutiny. Finally, though Plaintiff's unjust enrichment claim also sounds in fraud, the Court withholds 9(b) analysis and addresses the sufficiency of the claim in Part III.B.

Applying Rule 9(b) scrutiny to Counts I, II, and III, the Court finds that Plaintiff has failed to properly allege them with particularity. Count I is for a violation of New Jersey's Consumer Fraud Act ("CFA"). To state a claim under the CFA, a plaintiff must allege three elements: (1) unlawful conduct by the defendant; (2) an ascertainable loss by the plaintiff; and (3) a causal relationship between the unlawful conduct and the ascertainable loss. N.J. Citizen Action v. Schering-Plough Corp., 367 N.J. Super. 8, 12 (App. Div. 2003). Plaintiff sufficiently pleads unlawful conduct by noting the many alleged misrepresentations made by Defendants in the marketing and advertising of their products. (Compl. ¶ 35.) However, Plaintiff fails to plead with particularity the third element of her CFA claim. Other than specifically alleging the purchase of the One-A-Day WeightSmart product in approximately September 2005 from a Food

World in Montgomery, Alabama (Compl. ¶ 18.)[3], she does not specify what misrepresentations she relied upon or when and how she was exposed to those misrepresentations.  In short, Plaintiff fails to specify how the alleged misrepresentations made by Bayer caused her some ascertainable loss.  Thus, with respect to her CFA claim, Plaintiff fails to surpass Rule 9(b) scrutiny.

Next, in Counts II and III, Plaintiff alleges negligent and intentional misrepresentation.  Both claims require Plaintiff to allege and prove reliance upon Bayer's misrepresentations.  Instead of specifying what advertisements she heard and when or how she was exposed to them, she simply says that she "relied on Bayer's representations." (Compl. ¶ 44.)  This is not enough.  Alleging generally that Bayer made misrepresentations, some of which were relied upon by Plaintiff, is enough to survive Rule 8's notice pleading standard.  Rule 9, however, requires Plaintiff to plead her claim with specificity; thus, alleging the general exposure to, and reliance upon, some advertisements, is insufficient to survive heightened scrutiny.

The Court, therefore, grants Defendants' motion to dismiss Count I, II, and III for failure to plead with particularity.  Plaintiff shall have 30 days to remedy this pleading defect by filing an amended complaint.

### B.     Unjust Enrichment

In Count IV, Plaintiff alleges unjust enrichment.  Defendants argue, and Plaintiff agrees, that New Jersey law does not generally allow an unjust enrichment claim based in tort because "[i]n the tort setting, an unjust enrichment claim is essentially another way of stating a traditional

---

[3] The Complaint uses language slightly more vague than this, but in her opposition brief Plaintiff clarified that "three years ago" referred to September 2005 and "a Food World" in Montgomery, Alabama, refers to the only Food World in Montgomery, Alabama.  (Opp. Br. 12-14.)

tort claim." Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc., 171 F.3d 912, 936-37 (3d Cir. 1999). Plaintiff, however, attempts to save her claim by suggesting that it is based on quasi-contract rather than tort. This attempt fails.

Plaintiff argues that she was operating under a "mistake" when she purchased the vitamins in question and that had she known the true facts about the products, she would not have purchased them. (Compl. ¶ 37.) She therefore alleges that she conferred a benefit in the form on monies upon Defendants, and that allowing Defendants to retain the monies without delivering the benefits claimed by the products would be unjust. This argument, however, takes Plaintiff directly back to a tort theory of recovery – she essentially claims that "but for Defendants' unlawful conduct, she would not have purchased the products in question." At no point does Plaintiff allege the existence of a quasi-contract between herself and Bayer and for good reason – none exists. Rather, her theory of recovery is based on the assertion that Bayer misled her and that as a result of its tortious conduct, she is allowed to recover damages. Thus, Plaintiff does not allege a separate theory of quasi-contract; rather, her claim of unjust enrichment is subsumed by the her tort claims. See, e.g., Blystra v. Fiber Tech Group, Inc., 407 F. Supp. 2d 636, 644 n.11 (D.N.J. 2005) (treating Plaintiffs' unjust enrichment claim as subsumed by other tort claims and not as an independent cause of action). The Court dismisses Plaintiff's unjust enrichment claim with prejudice.

### III. Conclusion

For the reasons set forth above, Defendants' motion to dismiss is granted. Counts I, II, and III are dismissed without prejudice, and Plaintiff shall have 30 days to file an amended complaint that complies with Rule 9(b). Because it is subsumed by the first three counts, Count

IV is dismissed with prejudice.

       An appropriate Order accompanies this Opinion.


Dated: June 8, 2009                                      /s/ Jose L. Linares
                                                                            United States District Judge