UNITED STATES DISTRICT COURT
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

**LETTER OPINION**

March 31, 2010

Mitchell Mark Breit, Esq.
Whatley, Drake & Kallas, LLC
1540 Broadway, 37th Floor
New York, NY 10036

Lorna A. Dotro, Esq.
Coughlin Duffy, LLP
350 Mount Kemble Avenue
Morristown, NJ 07962

Timothy Ignatius Duffy, Esq.
Coughlin Duffy, LLP
350 Mount Kemble Avenue
Morristown, NJ 07962

  Re: **Gray v. Bayer Corp., et al.**
    **Civil Action No.: 08-4716 (JLL)**

Dear Counsel:

  This matter comes before the Court by way of two motions filed by Defendant Bayer Corporation: (1) Defendant's motion to strike certain allegations contained in Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f), and (2) Defendant's motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the submissions made in support of and in opposition to the foregoing motions. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Defendant's motions are **denied**.

**I. Background**

  Plaintiff's original complaint was filed in September 2008. The complaint was filed by Plaintiff, Dianne Gray, on behalf of herself and all other consumers who purchased Bayer's One-A-

Day WeightSmart product. In that complaint, she alleged the following:

On or about January 3, 2007, the United States filed an action against Bayer pursuant to Section 5(1), 13(b) and 16(a) of the Federal Trade Commission Act ("FTCA"). (Original Compl. ¶ 11.) This lawsuit arose as a result of an earlier lawsuit in which the FTC charged Bayer's predecessor with violating sections 5(a) and 12 of the FTCA. (Id. ¶ 12.) The Order entered in the earlier lawsuit mandated Bayer's predecessor to cease and desist certain advertising practices with respect to One-A-Day vitamins. The January 3, 2007 lawsuit alleged that Bayer's national advertising claim for One-a-Day WeightSmart made "unsubstantiated claims that the product increased metabolism, enhanced metabolism through its EGCG content, helped prevent weight gain associated with age-related metabolism decline, and helped users control their weight by enhancing their metabolism." (Id. ¶ 13.) As a result of that lawsuit, the FTC and Bayer entered into a consent decree through which Bayer paid a $3.2 million civil penalty and was prohibited from violating the earlier cease-and-desist order. (Id. ¶ 15.)

Plaintiff further alleged that she was exposed to the "advertising, marketing and labeling representations by Bayer" about increased metabolism, that she purchased the One-A-Day WeightSmart product "at least once from Food World in Montgomery, Alabama approximately three years ago," and that she "received a product that lacked the advertised benefits." (Id. ¶ 18.) Accordingly, she alleged four counts on behalf of a putative class of purchasers: a violation of the New Jersey Consumer Fraud Act, negligent misrepresentation, intentional misrepresentation, and unjust enrichment. (Id. ¶ 29-58.) As a remedy, Plaintiff sought injunctive relief and damages. (Id. ¶ 59-62.)

On June 8, 2009, Plaintiff's original complaint was dismissed by the Court. In particular, Plaintiff's unjust enrichment claim was dismissed with prejudice. Plaintiff's consumer fraud act, negligent misrepresentation and intentional misrepresentation claims were dismissed without prejudice for failure to comply with Rule 9(b). With respect to the consumer fraud act claim, the Court noted that Plaintiff failed to specify what misrepresentations were made by Bayer upon which she relied or when and how she was exposed to those misrepresentations. With respect to the misrepresentation claims, the Court noted Plaintiff's failure to specify what advertisements she heard and when or how she was exposed to them.

On July 8, 2009, Plaintiff filed an Amended Complaint. Defendant admits that, apart from removing the claim for unjust enrichment, the only substantive difference between the original complaint and the Amended Complaint is found in paragraph 18 which now provides in relevant part:

> Specifically, in the summer and/or early fall of 2007, Plaintiff saw Bayer's television commercials for One-A-Day WeightSmart, including its "Dessert" and "Beach" commercials, which both claimed that "[i]n your 30's your metabolism slows" and that the EGCG in One-A-Day WeightSmart could "enhance metabolism." See

2

> FTC Complaint, Exs. F and G. Immediately prior to purchasing One-A-Day WeightSmart, Plaintiff also read the One-A-Day WeightSmart packaging itself, which claimed that One-A-Day WeightSmart was "Specifically Formulated to help you While You Control Your Weight" and which boasted of One-A-Day WeightSmart's EGCG content and EGCG's purported ability to "enhance your metabolism." See FTF Complaint, Ex. J. In reliance on these misrepresentations in Bayer's television commercials and on the One-A-Day WeightSmart packaging, Plaintiff purchased One-A-Day WeightSmart at least once from Food World in Montgomery, Alabama approximately three years prior to the filing of her original Class Action Complaint (i.e., approximately September 2005). In exchange, she received a product that lacked the advertised benefits, and lost money on the purchase of an ineffective product.

(Am. Compl., ¶ 18).

## II.   Discussion

### A.   Motion to Strike

Under Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court may act either "on its own" or on a motion by a party. Fed.R.Civ.P. 12(f)(1)-(2). "The purpose of a motion to strike is to simplify the pleadings and save time and expense by excising from a plaintiff's complaint any redundant, immaterial, impertinent, or scandalous matter which will not have any possible bearing on the outcome of the litigation." Garlanger v. Verbeke, 223 F. Supp. 2d 596, 609 (D.N.J. 2002). "[M]otions to strike are usually 'viewed with disfavor' and will generally 'be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.'" Garlander, 223 F. Supp. 2d at 609 (quoting Tonka Corp. v. Rose Art Indus., Inc., 836 F.Supp. 200, 217 (D.N.J.1993)). In fact, "Rule 12(f) should be construed strictly against striking portions of the pleading on grounds of immateriality and if the motion is granted at all, the complaint should be pruned with care." Morgan Home Fashions, Inc. v. UTI, United States, Inc., 03-772, 2004 WL 1950370, at *8 (D.N.J. Feb. 9, 2004) (Linares, J.).

Defendant asks the Court to strike the allegations contained in paragraph 18 regarding Bayer's television advertisements on the basis that such allegations are "immaterial and impertinent" inasmuch as Plaintiff could not have relied upon the 2007 television advertisements in making her purchase two years earlier in 2005. In addition, Defendant asks the Court to strike those factual allegations contained in Plaintiff's Amended Complaint which were taken from the FTC complaint and settlement documents. Defendant maintains that because Plaintiff's counsel relied solely on the FTC complaint and related settlement documents for the factual allegations upon which Plaintiff's

Amended Complaint is based, such allegations violate the requirements of Rule 11(b).[1] Based on the following reasons, the Court declines to strike the foregoing allegations.

First, as to the allegations contained in paragraph 18 concerning Bayer's *2007* television advertisements, Plaintiff's counsel represents that the year 2007 was merely a typographical error and that the television advertisements at issue were actually viewed by the Plaintiff in 2005 – the same year in which she purchased the product. Bayer's motion to strike such allegations on the basis that they are immaterial and/or impertinent is, therefore, denied without prejudice. The Court will allow Plaintiff to amend her complaint to cure this typographical error. To the extent Plaintiff fails to do so, Defendant may re-file its motion to strike.

Second, as to the allegations which are based upon the FTC complaint and related settlement documents, the Court notes that the crux of Plaintiff's Amended Complaint is that: (1) Plaintiff relied upon certain statements made by Bayer in deciding to purchase One-A-Day WeightSmart, (2) such statements were false or misleading, and (3) Plaintiff sustained damages as a result thereof. Thus, any allegations contained in the Amended Complaint concerning the FTC action merely provide context for the allegations regarding plaintiff's own experiences with One-A-Day WeightSmart. Moreover, the FTC is the type of organization specifically tasked with investigating and prosecuting the very claims alleged by the Plaintiff in this matter. Defendant cites to no binding legal authority for the proposition that a party may not rely on relevant action taken by the FTC to provide proper context for its own claims of consumer fraud or that a party's decision to do so violates Rule 11(b). Defendant's motion to strike such allegations on this basis is, therefore, denied.

### B.   Motion to Dismiss

For a complaint to survive dismissal under Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal,129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully;" mere consistency with liability is insufficient. Id. However, a plaintiff is not required to plead every element of a prima facie case, but he must at least make "allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir.2009) (internal quotations omitted).

In addition, Rule 9(b) imposes a heightened pleading requirement with respect to allegations of fraud. Rule 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Plaintiffs may satisfy this requirement by pleading the 'date, place or time' of the fraud, or through 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" Lum v. Bank of America, 361 F.3d 217, 224 (3d Cir. 2004). "Plaintiffs also must allege who made a

misrepresentation to whom and the general content of the misrepresentation." Id.

Defendant moves to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) based largely upon the same reasons underlying its motion to strike. To the extent Defendant relies upon the same arguments raised in support of its motion to strike, such arguments are rejected for the reasons discussed above. To the extent Defendant argues that Plaintiff's claims fail to pass muster under Rule 9(b), based on the reasons that follow, Defendant's motion is denied.

As previously explained, Plaintiff's consumer fraud act, negligent misrepresentation and intentional misrepresentation claims were initially dismissed by the Court, without prejudice, for failure to comply with Rule 9(b). With respect to the consumer fraud act claim, the Court noted in its July 8, 2009 Opinion that Plaintiff failed to specify what misrepresentations were made by Bayer upon which she relied or when and how she was exposed to those misrepresentations. The Amended Complaint now provides answers to these questions. For instance, the Amended Complaint alleges that Plaintiff personally saw Bayer's television commercials for One-A-Day WeightSmart in 2005,[2] including its "Dessert" and "Beach" commercials, which both claimed that "[i]n your 30's your metabolism slows" and that the EGCG in One-A-Day WeightSmart could "enhance metabolism." (Am. Compl., ¶ 18). The Amended Complaint also alleges that "[i]mmediately prior to purchasing One-A-Day WeightSmart, Plaintiff read the One-A-Day WeightSmart packaging itself, which claimed that One-A-Day WeightSmart was "Specifically Formulated to help you While You Control Your Weight" and which boasted of One-A-Day WeightSmart's EGCG content and EGCG's purported ability to "enhance your metabolism." (Id.). In light of such allegations, the Court finds that Plaintiff's consumer fraud claim has been adequately pled. Defendant's motion to dismiss this claim is, therefore, denied.

With respect to the misrepresentation claims, in its prior opinion the Court noted Plaintiff's failure to specify what advertisements she heard and when or how she was exposed to them. Again, the Amended Complaint now alleges that Bayer's misrepresentations were made in certain television commercials which aired in 2005[3] and on the One-A-Day WeightSmart packaging. (Am. Compl., ¶ 18). The Amended Complaint further alleges that Plaintiff personally viewed said television commercials and read the One-A-Day WeightSmart packaging prior to purchasing the product at issue. (Id.). In light of such allegations, the Court will allow Plaintiff's misrepresentations claims to proceed. Defendant's motion to dismiss such claims is, therefore, denied.

### III. Conclusion

Based on the reasons set forth above, Defendant's motion to strike certain allegations

---

[2] As previously discussed, although the Amended Complaint alleges that such television advertisements were aired in 2007, Plaintiff's counsel represents that this was a typographical error and that the advertisements were actually aired and viewed by the Plaintiff in 2005.

[3] See supra note 2 and accompanying text.

5

contained in Plaintiff's Amended Complaint [Docket Entry No. 19] is **denied**, as is Defendant's motion to dismiss the Amended Complaint [Docket Entry No. 17]. Plaintiff may file a Second Amended Complaint which cures the typographical error discussed herein on or before **April 26, 2010.**

An appropriate Order accompanies this Letter Opinion.

Sincerely,

/s/ Jose L. Linares
United States District Judge