## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GABRIEL JOSEPH CARRERA, on behalf of himself and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>BAYER CORPORATION and BAYER HEALTHCARE, LLC,<br><br>　　　　　　　Defendants. | Civil Action No. 2:08-cv-4716 (JLL)(JAD) |

---

## BRIEF IN SUPPORT OF MOTION FOR
## PRELIMINARY APPROVAL OF CLASS SETTLEMENT

---

James E. Cecchi
Lindsey H. Taylor
Donald A. Ecklund
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
*Attorneys for Plaintiff and the Class*

# TABLE OF CONTENTS

Page

THE PROPOSED SETTLEMENT ................................................................... 2

NOTICE TO THE CLASS ........................................................................... 3

LEGAL ARGUMENT ............................................................................... 4

  I.   THE SETTLEMENT SHOULD BE APPROVED AS FAIR, REASONABLE, AND ADEQUATE .............................................................................. 4

    A.   Settlement And Class Action Approval Process ................................. 4

    B.   The Criteria For Settlement Approval Are Satisfied. ......................... 6

      1. The Settlement Is The Product Of Extensive Arm's Length Negotiations. ........... 7

      2. Counsel Are Experienced In Similar Litigation .................................... 8

      3. The Factual Record Was Well Developed. ........................................ 8

      4. The Settlement Provides Substantial Relief For Class members And Treats Class members Fairly. .................................................................. 9

      5. The Settlement Is Fair And Reasonable In Light Of The Alleged Claims And Defenses. .......................................................................... 9

      6. The Requested Class Representative Incentive Award Is Reasonable. .............. 10

      7. The Requested Attorneys' Fees Are Fair And Reasonable. ....................... 10

  II.  Provisional Certification Of The Settlement Class Is Appropriate. ................... 11

    A.   Rule 23(a) Is Satisfied .......................................................... 11

      1.   Numerosity ................................................................... 11

      2.   Commonality .................................................................. 12

      3.   Typicality ..................................................................... 13

      4.   Adequacy ..................................................................... 15

    B.   Common Questions of Law Predominate and a Class Action Is the Superior

Method of Adjudication ..................................................................... 16

    a.  Common Questions Predominate. ....................................... 17

    b.  Class Treatment Is Superior To Alternative Methods Of Adjudication.  18

  C.  The Proposed Notice To Class members Is Adequate. ................................ 18

  D.   Scheduling A Final Approval Hearing Is Appropriate. ............................. 20

III.  CLASS COUNSEL ARE QUALIFIED TO SERVE THE CLASS ....................... 21

CONCLUSION ......................................................................................... 22

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Amchem Prods., Inc. v. Windsor,*
   521 U.S. 591, 117 S. Ct. 2231 (1997)................................................................. 22, 23

*Baby Neal ex rel. Kanter v. Casey,*
   43 F.3d 48 (3d Cir. 1994).......................................................... 16, 17, 18, 19

*Barnes v. Am. Tobacco, Inc.,*
   161 F.3d 127 (3d Cir. 1998) .........................................................................18

*Bernhard v. TD Bank, N.A.,*
   2009 WL 3233541 (D.N.J. Oct. 5, 2009) ................................................... 8

*Carson v. Am. Brands, Inc.,*
   450 U.S. 79 (1981) .........................................................................................10

*Chakejian v. Equifax Info. Servs.,*
   No. 07-2211, 2011 U.S. Dist. LEXIS 63455 (E.D. Pa. June 14, 2011) ................... 14, 20

*Chiang v. Veneman,*
   385 F.3d 256 (3d Cir. 2004) ........................................................................17

*Curiale v. Lenox Group, Inc.,*
   2008 WL 4899474 (E.D. Pa. Nov. 14, 2008) .............................................10

*Dewey v. Volkswagen of Am.,*
   728 F. Supp. 2d 546 (D.N.J. 2010).............................................................14

*Ehrheart v. Verizon Wireless,*
   609 F.3d 590 (3d Cir. Pa. 2010) ............................................................9, 11

*Eisen v. Carlisle & Jacquelin,*
   417 U.S. 156, 94 S. Ct. 2140 (1974) .........................................................24

*Eisenberg v. Gagnon,*
   766 F.2d 770 (3d Cir. 1985) ................................................................. 18, 22

*Gates v. Rohm & Haas Co.,*
   248 F.R.D. 434 (E.D. Pa. 2008)............................................................... 8, 10

*Grant v. Sullivan,*
   131 F.R.D. 436 (M.D. Pa. 1990).................................................................16

*In re Am. Family Enters.*,
    256 B.R. 377 (D.N.J. 2000) ....................................................................................11

*In re Auto. Refinishing Paint Antitrust Litig.*,
    MDL No. 1426, 2003 U.S. Dist. LEXIS 18123 (E.D. Pa. Sept. 5, 2003) ..................... 9

*In re Cendant*,
    109 F. Supp. 2d .................................................................................................25

*In re Cendant Corp. Sec. Litig.*,
    109 Supp. 2d 255 (D.N.J. 2000) ..............................................................................11

*In re Community Bank of N. Va.*,
    418 F.3d 277 (3d Cir. 2005) ........................................................................ 7, 15, 22

*In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*,
    55 F.3d 768 (3d Cir. 1995) ("*G.M. Trucks*") ........................................................ 7, 9, 20

*In re Ins. Brokerage Antitrust Litig.*,
    579 F.3d 241 (3d Cir. N.J. 2009) ............................................................... 9, 10, 22

*In re Linerboard Antitrust Litig.*,
    292 F. Supp. 2d 631 (Pa. 2003) .............................................................................. 9

*In re Lucent Techs., Inc. Sec. Litig.*,
    307 F. Supp. 2d 633 (D.N.J. 2004) ..........................................................................19

*In re Mercedes-Benz Antitrust Litig.*,
    213 F.R.D. 180 (D.N.J. 2003) ...............................................................................22

*In re Prudential*,
    148 F.3d .............................................................................................................23

*In re Prudential Ins. Co. of Am. Sales Practices Litig.*,
    962 F. Supp. 450 (D.N.J. 1997), *aff'd*, 148 F.3d 283 (3d Cir. 1998) ..............11, 16, 17, 25

*In re Schering Plough Corp. ERISA Litig.*,
    589 F.3d 585 (3d Cir. 2009) ..................................................................................17

*In re Warfarin Sodium Antitrust Litig.*,
    391 F.3d 516 (3d Cir. 2004) ............................................................................. 7, 16

*Johnston v. HBO Film Mgmt., Inc.*,
    265 F.3d 178 (3d Cir. 2001) ..................................................................................18

*Kalow & Springut, LLP v. Commence Corp.*,
    272 F.R.D. 397 (D.N.J. 2011) ...............................................................................17

*Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*,
    149 F.R.D. 65 (D.N.J. 1993), *vacated* ................................................................ 15, 16

*Mack Trucks, Inc. v. Int'l Union, UAW*,
    No. 07-3737, 2011 U.S. Dist. LEXIS 51514 (E.D. Pa. May 12, 2011) ........................10

*Mann v. TD Bank, N.A.*,
    No. 09-1062, 2010 U.S. Dist. LEXIS 112085 (D.N.J. Oct. 20, 2010)...........................27

*McAlarnen v. Swift Transp. Co.*,
    No. 09-1737, 2010 U.S. Dist. LEXIS 7877 (E.D. Pa. Jan. 29, 2010)...........................18

*McGee v. Cont'l Tire N. Am., Inc.*,
    No. 06-6234, 2009 U.S. Dist. LEXIS 17199 (D.N.J. Mar. 4, 2009) ............................19

*Mehling v. New York Life Ins. Co.*,
    246 F.R.D. 467 (E.D. Pa. 2007)..................................................................... 8, 10, 25

*Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    259 F.3d 154 (3d Cir. 2001) .............................................................................. 18, 19

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797, 105 S. Ct. 2965 (1985).........................................................................24

*Serrano v. Sterling Testing Sys., Inc.*,
    711 F. Supp. 2d 402 (E.D. Pa. 2010) ........................................................................11

*Stewart v. Abraham*,
    275 F.3d 220 (3d Cir. 2001) ......................................................................................16

*Waudby v. Verizon Wireless Servs., LLC*,
    248 F.R.D. 173 (D.N.J. 2008) ...................................................................................27

**STATUTES**

28 U.S.C. § 1407 ................................................................................................................ 3

**OTHER AUTHORITIES**

4 *Newberg* § 11.26 ............................................................................................................ 8

Fed. Jud. Ctr., *Manual for Complex Litig.*, at § 21.63 (4th ed. 2010) ...................................... 8

Fed. R. Civ. P. 23 ....................................................................................................*passim*

*Manual for Complex Litig.*, at § 13.14, § 21.632 .................................................................. 9

*Manual for Complex Litig.*, at § 21.632, § 21.633.................................................................15

*Manual for Complex Litig.* § 21.62 n. 971 ...........................................................................14

*Manual for Complex Litig., supra*, at § 21.311 .......................................................................24

*Manual for Complex Litig.*, *supra*, at § 21.312 .......................................................................24

Plaintiff Gabriel Joseph Carrera, in his individual and representative capacity on behalf of the putative Florida Settlement Class and interim class counsel Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. and Whatley Kallas, LLP (collectively "Class Counsel"), with the consent and participation of defendants Bayer Corporation and its subsidiary Bayer HealthCare, LLC (collectively referred to as "Bayer"), respectfully submit this memorandum in support of the parties' Joint Motion for Preliminary Approval of Class Settlement and Designation of Class Counsel (the "Motion").  Plaintiff, serving as a class representative, commenced a class action lawsuit (the "Action") against Bayer in the United States District Court, District of New Jersey on behalf of himself and all others similarly situated, seeking economic damages and other relief relating to their purchase of One-A-Day WeightSmart dietary supplements and vitamins ("WeighSmart").  Plaintiff alleged, *inter alia,* that WeightSmart failed to deliver the promised benefits, performance, or efficacy as promised and was essentially identical to other dietary supplements and vitamins, but sold for a premium based upon Bayer's false claims.

The proposed Settlement of the Action will enable Class members to obtain a partial or total refund of the purchase price paid for WeightSmart from Bayer, as further explained and set forth in the fully executed Settlement Agreement.  The parties submit for the Court's review and preliminary approval a copy of the Settlement Agreement, which is attached as Exhibit A.  Also submitted herewith is a proposed Order Granting Preliminary Approval of Class Settlement (the "Preliminary Approval Order").  Entry of the proposed Preliminary Approval Order will allow the parties to give notice of the settlement to Class members and to respond to properly filed objections, if any, and then to proceed to a hearing on final approval.

The background of this Action is well known to this Court, as it has presided over extensive proceedings in this Action.  Key among those prior proceedings, the parties briefed two motions for class certification (addressing both a nationwide and Florida class). Through these extensive proceedings, as well as an appeal to the United States Court of Appeals for the Third Circuit, the parties have had ample opportunity to explore the merits of their claims and defenses in this Action.  In addition, the parties, prior to briefing class certification completed ample discovery and Plaintiff and Class Counsel have conducted additional factual investigations following the appeal.  The parties reached agreement on the terms of the proposed settlement through a vigorous debate of legal and factual theories involving experienced counsel.  As set forth more fully below, the proposed Settlement is fair, reasonable, and adequate, and worthy of preliminary approval, and Class Counsel are more than qualified to serve and act on behalf of the Class.

## THE PROPOSED SETTLEMENT

The proposed settlement class ("Settlement Class" or "Class") consists of all persons in Florida who purchased WeightSmart.  Excluded from membership in the Class are: (1) all federal judges to whom an action involving WeightSmart has been assigned and members of their families within the first degree of consanguinity and (2) all officers and directors of Bayer.

If the proposed settlement is approved by the Court, Bayer, as more fully explained in the Settlement Agreement, has agreed to refund Settlement Class Members who submit valid Claim Forms showing the actual priced paid up to $250 dollars.  Settlement Class Members who submit valid Claim Forms without proof of purchase will receive a refund of $15.  All payments will be made by check from a common fund of $500,000.00 provided by

2

Bayer in the amount of the refund.  Attorneys' fees and costs, class representative payment, administrative fees, pursuant to the terms in the Settlement Agreement, associated with the prosecution of these claims and the administration of the settlement will also be paid from the common fund.

To effectuate notice and administer the settlement, subject to the Court's approval, the parties have retained the services of Angeion Group ("Claims Administrator").  As a matter negotiated after the relief to the Class was agreed to, Bayer will not oppose any petition by Class Counsel for fees and costs that does not exceed 25% of the common fund.  Similarly, Bayer will not oppose a petition for the payment to Plaintiff of $5,000 as an award for service provided to the Class.

## NOTICE TO THE CLASS

The Settlement Agreement provides for the best practicable notice to the Class.  If the Settlement and notice plan are preliminarily approved, the Claims Administrator will establish and maintain a Settlement Website that will provide details about the Settlement, key documents concerning the Settlement and the litigation, a copy of the claim form, instructions for filing a claim, opting out of the Settlement, or objecting to the Settlement, and information concerning applicable Settlement deadlines.

Upon preliminary approval of this Settlement, Bayer or its designee will cause the Summary Notice, in a form substantially similar to that attached as Exhibit B to the Settlement Agreement, to be published in ten Florida newspapers, which have ample circulation within the State of Florida.  In addition, the Claims Administrator will establish a four week internet publication program that will be geographically targeted to Florida using an established digital network, which will extend the reach of this notice program.

**LEGAL ARGUMENT**

### I.  THE SETTLEMENT SHOULD BE APPROVED AS FAIR, REASONABLE, AND ADEQUATE

The Settlement Agreement should be approved by this Court.  The Settlement is the result of ample arm's length negotiations among the parties and their highly-experienced counsel, and informed by the exchange of significant information following throughout years of challenging litigation.  The Settlement provides significant monetary benefits considering all of the attendant risks of litigation and relatively low cost of WeightSmart. Prior to reaching resolution, Class Counsel thoroughly investigated the case, and in doing so, gathered ample information to assess the strengths and weaknesses of the parties' positions.  Having weighed the likelihood of success and the inherent risks and expense of litigation, Plaintiff and Class Counsel strongly believe that the proposed settlement is "fair, reasonable, and adequate" as required by Fed. R. Civ. P. 23(e)(1)(C).

### A.  Settlement And Class Action Approval Process

The Third Circuit Court of Appeals has recognized that "[t]he law favors settlement, particularly in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation," and where the parties may "gain significantly from avoiding the costs and risks of a lengthy and complex trial."  *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 784 (3d Cir. 1995) ("*G.M. Trucks*"). "These economic gains multiply when settlement also avoids the costs of litigating class status — often a complex litigation within itself."  *Id.*; *see also In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 535 (3d Cir. 2004) ("There is an overriding public interest in settling class action litigation, and it should therefore be encouraged."); *In re Community Bank of N. Va.*, 418 F.3d 277, 299 (3d Cir. 2005) ("[A]ll Federal Circuits recognize the utility of . . .

4

'settlement classes' as a means to facilitate the settlement of complex nationwide class actions.").

The Manual for Complex Litigation describes a three-step procedure for approval of class action settlements:

> (1)   Preliminary approval of the proposed settlement at an informal hearing;
>
> (2)   Dissemination of mailed and/or published notice of the settlement to all affected Class members; and
>
> (3)   A "formal fairness hearing" or final settlement approval hearing, at which Class members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented.

Fed. Jud. Ctr., *Manual for Complex Litig.*, at § 21.63 (4th ed. 2010); *see also Mehling v. New York Life Ins. Co.*, 246 F.R.D. 467, 472 (E.D. Pa. 2007) (identifying preliminary approval, notice to class, and a fairness hearing as process for reviewing a class settlement); *Bernhard v. TD Bank, N.A.*, 2009 WL 3233541, at *1 (D.N.J. Oct. 5, 2009) (same). This procedure, used by courts in this Circuit and endorsed by class action commentator Professor Newberg, safeguards Class members' due process rights and enables the court to fulfill its role as the guardian of class interests. 4 Newberg on Class Actions ("*Newberg*") § 11.25 (4th ed. 2010). "Preliminary approval is not binding, and it is granted unless a proposed settlement is obviously deficient." *Bernhard*, 2009 WL 3233541, at *1.

With this motion, the parties request that the Court take the first step in the settlement approval process by granting preliminary approval of the proposed Settlement. At the preliminary approval stage, the question for this Court is whether the Settlement falls within the "range of reasonableness," and is sufficiently fair, reasonable, and adequate to warrant dissemination of notice apprising Class members of the proposed Settlement and to

establish procedures for a final settlement hearing under Rule 23(e).  4 *Newberg* § 11.26; *see also Gates v. Rohm & Haas Co.*, 248 F.R.D. 434, 445 (E.D. Pa. 2008) ("[T]he proposed Settlement is within the range of reasonableness and is not obviously deficient in any respect. Thus, preliminary approval is appropriate.").

The Court's grant of preliminary approval will allow all Settlement Class members to receive notice of the proposed Settlement's terms and the date and time of the "final fairness hearing," or final settlement approval hearing, at which Settlement Class members may be heard regarding the Settlement, and at which further evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented.  *See Manual for Complex Litig.*, at § 13.14, § 21.632.  While the final fairness hearing is a crucial step in the settlement approval process, neither formal notice nor a hearing is required at the preliminary approval stage; the Court may grant such relief upon an informal application by the settling parties, and may conduct any necessary hearing in court or in chambers, at the Court's discretion.  *Id*. at § 13.14; *cf. In re Auto. Refinishing Paint Antitrust Litig.*, MDL No. 1426, 2003 U.S. Dist. LEXIS 18123, at *2 (E.D. Pa. Sept. 5, 2003) ("On March 17, 2003, we granted preliminary approval and directed that notice of the proposed settlement and formal fairness hearing be disseminated to the Class.").

**B.  The Criteria For Settlement Approval Are Satisfied.**

In deciding whether to grant preliminary approval, there is "an initial presumption of fairness" for settlements negotiated at arm's length by experienced counsel informed by sufficient discovery.  *G.M. Trucks*, 55 F.3d at 785; *see also Ehrheart v. Verizon Wireless*, 609 F.3d 590, 604, n.6 (3d Cir. Pa. 2010); *In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 631,

638 (Pa. 2003).[1]   The only issue before the Court is whether the settlement "discloses grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys, and whether it appears to fall within the range of possible approval."  *Mehling*, 246 F.R.D. at 472 (citations omitted).  At this stage, the court "need not reach any ultimate conclusions on the issues of fact and law that underlie the merits of the dispute."  *Id.*; *see also Mack Trucks, Inc. v. Int'l Union, UAW*, No. 07-3737, 2011 U.S. Dist. LEXIS 51514, at *7-8 (E.D. Pa. May 12, 2011)*.   In determining whether class action settlements should be approved, "[c]ourts judge the fairness of a proposed compromise by weighing the Plaintiff's likelihood of success on the merits against the amount and form of the relief offered in the settlement. . . .   They do not decide the merits of the case or resolve unsettled legal questions."  *Carson v. Am. Brands, Inc.,* 450 U.S. 79, 88 n.14 (1981) (citation omitted); *see also Mack Trucks,* 2011 U.S. Dist. LEXIS 51514, at *7-8; *Mehling*, 246 F.R.D. at 472.   "The decision of whether to approve a proposed settlement of a class action is left to the sound discretion of the district court."  *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 256 (3d Cir. 2009) (citation and quotation marks omitted).

## 1.   The Settlement Is The Product Of Extensive Arm's Length Negotiations.

The Settlement Agreement was the result of arms-length negotiation between the parties.  Here, the material terms of the proposed Settlement Agreement were only realized

---

[1] The Court of Appeals for the Third Circuit has adopted a nine-factor test for determining whether a settlement is fair, reasonable, and adequate at the final approval stage.  *See In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 258 (3d Cir. N.J. 2009).   For purposes of preliminary approval, however, the Court need not address all of these factors, as "the standard for preliminary approval is far less demanding."  *Gates v. Rohm & Haas Co.*, 248 F.R.D. 434, 444 n.7 (E.D. Pa. 2008); *see also Curiale v. Lenox Group, Inc.*, 2008 WL 4899474, at *9 n.4 (E.D. Pa. Nov. 14, 2008).

after years of demanding litigation before this Court and the Court of Appeals.   The negotiations were informed by this history, but no less challenging than any other part of the Action.   The Settlement was negotiated over many weeks of extensive, hard-fought negotiations.

### 2.   Counsel Are Experienced In Similar Litigation.

Recommendations of experienced counsel are entitled to great weight in evaluating a proposed settlement in a class action.   *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 543 (D.N.J. 1997), *aff'd*, 148 F.3d 283, 311 (3d Cir. 1998); *cf. Ehrheart*, 609 F.3d at 594 ("The settlement agreement was negotiated through and executed by experienced counsel on both sides . . . ."). "[S]ignificant weight" should be given "to the belief of experienced counsel that settlement is in the best interest of the class, so long as the Court is satisfied that the settlement is the product of good faith, arms-length negotiations." *In re Am. Family Enters.*, 256 B.R. 377, 421 (D.N.J. 2000) (internal quotation marks omitted); *see also Serrano v. Sterling Testing Sys., Inc.*, 711 F. Supp. 2d 402, 414 (E.D. Pa. 2010); *In re Cendant Corp. Sec. Litig.*, 109 Supp. 2d 255 (D.N.J. 2000).

Class Counsel are particularly experienced in the litigation, certification, trial, and settlement of nationwide class action cases like the instant action.   In negotiating this settlement, Class Counsel had the benefit of years of relevant experience and a familiarity with the facts of this case.

### 3.   The Factual Record Was Well Developed.

The submissions filed with this Court demonstrate that Class Counsel thoroughly investigated and analyzed the legal claims and factual allegations.   As a result, Class Counsel were well-positioned to evaluate the strengths and weaknesses of the case and the

appropriate basis upon which to settle it.  The record developed during the years preceding this agreement, and this Court's familiarity with the case, provide sufficient information for this Court to determine that the proposed Settlement is fair.

**4.    The Settlement Provides Substantial Relief For Class members And Treats Class members Fairly.**

As further explained in the Settlement Agreement, Bayer has agreed to reimburse Settlement Class members who submit valid claim forms either $15.00 or if documentation showing the actual price paid for WeightSmart is provided, 100% of the purchase price paid up to $250.00.  Without class litigation, Class members would not have been in a position to achieve these benefits through individual lawsuits.

**5.    The Settlement Is Fair And Reasonable In Light Of The Alleged Claims And Defenses.**

Plaintiff and Class Counsel were confident in the strength of their case, but also pragmatic in their awareness of the risks inherent to litigation and the various defenses available to Bayer.  The reality that Class members could end up recovering only a fraction of the settlement benefits or even losing at trial was significant enough to convince Plaintiffs and Class Counsel that the settlement reached with Bayer outweighs the gamble of continued litigation. Even if Plaintiff prevailed at trial, any recovery could be delayed for years by another appeal.   The Settlement provides substantial monetary relief to Class members without further delay.

Taking into account Plaintiff's chances of ultimate success on the merits, the time and expense involved in litigating the case to conclusion, and the inherent risks of litigation, the parties believe that the Settlement Agreement is fair and reasonable under all the facts and circumstances and all of the attendant risks of litigation.

6.   **The Requested Class Representative Incentive Award Is Reasonable.**

Enhancement award for class representatives like the ones requested here are appropriate.  *See Chakejian v. Equifax Info. Servs.*, No. 07-2211, 2011 U.S. Dist. LEXIS 63455, at *57-58 (E.D. Pa. June 14, 2011); *see also Dewey v. Volkswagen of Am.*, 728 F. Supp. 2d 546, 609-10 (D.N.J. 2010).  Small incentive awards, which serve as premiums in addition to any claims-based recovery from the settlement, promote the public policy of encouraging individuals to undertake the responsibility of representative lawsuits.  *See Manual for Complex Litig.* § 21.62 n. 971 (incentive awards may be "merited for time spent meeting with Class members, monitoring cases, or responding to discovery").  Such awards are generally proportional to the representatives' losses or claims, and can range from several hundred dollars to many thousands of dollars.  Here, the Settlement Agreement provides that Plaintiffs may seek $5,000 stipends for Plaintiff in recognition of his service to and efforts on behalf of the proposed Settlement Class.  Bayer will not oppose a petition for the payment of an incentive award to Plaintiff of $5,000.

7.   **The Requested Attorneys' Fees Are Fair And Reasonable.**

Subject to the Court's approval, and as further explained in the Settlement Agreement, Class Counsel may seek up to 25% of the common fund in fees and costs.  The parties negotiated this amount only after the substantive terms of the settlement were agreed upon.  Prior to final approval, Class Counsel will file a separate motion for attorneys' fees and costs describing the reasonableness of their fee request in light of the amount of work done by counsel, the results obtained, the quality of representation, and the complexity and novelty of the issues presented.  Class Counsel's motion for an award of attorneys' fees and costs and service awards for the Plaintiff will be posted on the Settlement Website in

advance of the opt-out and objection deadline so that Class members may review and comment on the application if they wish.

## II. Provisional Certification Of The Settlement Class Is Appropriate.

For settlement purposes only, the parties and their counsel request that the Court provisionally certify the Florida Settlement Class defined above.   At this point in the approval process, provisional certification permits notice of the proposed settlement to issue to inform Settlement Class members of the existence and terms of the proposed settlement, their right to be heard on its fairness, their right to opt out, and the date, time, and place of the formal fairness hearing.  *See Manual for Complex Litig.*, at § 21.632, § 21.633.   Still, "regardless of whether a district court certifies a class for trial or for settlement, it must first find that the class satisfies all the requirements of Rule 23."  *In re Community*, 418 F.3d at 300.  For settlement purposes, Bayer has conditionally stipulated that Plaintiff satisfies the class certification requirements set forth in Rule 23.   Additionally, for the reasons below, this Class meets the requirements of Rule 23(a) and (b).

### A. Rule 23(a) Is Satisified.

#### 1. Numerosity

Rule 23(a)(1) requires that the class be so numerous that joinder of all Class members is "impracticable." *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 73 (D.N.J. 1993), *vacated and* remanded, 171 F.3d 818 (3d Cir. 1999).  For purposes of Rule 23(a)(1), "impracticable" does not mean impossible, only that common sense suggests that it would be difficult or inconvenient to join all Class members.  *See In re Prudential Insurance Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 510 (D.N.J. 1997), *aff'd*, 148 F.3d 283 (3d Cir. 1998); *see also Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001) (numerosity requirement satisfied "if the named plaintiff demonstrates that the potential number of

plaintiffs exceeds 40); *Grant v. Sullivan*, 131 F.R.D. 436, 446 (M.D. Pa. 1990) (observing that courts have certified classes with as few as 14 persons).

Here, the parties estimate that the Class includes thousands of Florida consumers. Given the number and geographic distribution of the Class members, joinder of all Class members would be impracticable, and the proposed Settlement Class easily satisfies Rule 23's numerosity requirement. *Liberty Lincoln Mercury, Inc.* 149 F.R.D. at 73.

### 2.  Commonality

The Rule 23(a)(2) requirement is satisfied where, as here, there exist "questions of fact and law which are common to the class."  All questions of fact and law need not be common to satisfy the rule.  Rather, the commonality requirement is easily satisfied by the existence of one common question of law or fact.  *Warfarin Sodium*, 391 F.3d at 527-28; *see also Baby Neal ex rel. Kanter v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994) (commonality requirement not demanding because it may be satisfied by a single common issue).  In the context of consumer class actions, a class asserting claims based on a common course of conduct satisfies the commonality requirement even where the Class members are exposed to different misrepresentations at different times. *Prudential,* 962 F. Supp. at 511-514.

The commonality requirement is satisfied if the named plaintiff shares at least one question of fact or law with the complaints of the prospective class.  *See In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 597 (3d Cir. 2009); *see also Baby Neal For & By Kanter v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994) ("Because the requirement may be satisfied by a single common issue, it is easily met . . . .").  "[C]lass members can assert such a single common complaint even if they have not all suffered actual injury; demonstrating that all Class members are *subject* to the same harm will suffice." *Kalow & Springut, LLP v. Commence*

*Corp.*, 272 F.R.D. 397, 403 (D.N.J. 2011); *see also Chiang v. Veneman*, 385 F.3d 256, 265 (3d Cir. 2004) (the commonality requirement "is not a high bar" and is satisfied "if the named plaintiffs share at least one question of law or fact with the grievances of the prospective class") (internal quotes and citations omitted).

Class members share numerous common questions, including:  (a) whether Bayer engaged in a pattern of fraudulent, deceptive, and misleading conduct involving the marketing and sale of WeightSmart; (b) whether Bayer consciously concealed or failed to disclose material facts to Plaintiff and other members of the Class with respect to WeightSmart; (c) whether, as a result of Bayer's misconduct, Plaintiff and other members of the Class suffered economic harm by purchasing WeightSmart; and  (d) whether Plaintiffs and Class members are entitled to recover damages in connection with Bayer's alleged unlawful conduct.  Bayer steadfastly denies all of these allegations.

Because Plaintiff has identified numerous questions of law and fact common to all members of the class, Rule 23(a)(2)'s commonality requirement is fully satisfied.

### 3.   Typicality

Rule 23(a)(3) requires that the claims or defenses of the representative parties are typical of the claims or defenses of the class and seeks to ensure that the interests of the named plaintiffs align with those of the class.  *Baby Neal ex rel Kanter*, 43 F.3d at 57.  In considering typicality under Rule 23(a)(3), the court must determine whether the "named plaintiffs' individual circumstances are markedly different or…the legal theory upon which the claims are based differs from that upon which the claims of other Class members" will be based.  *Johnston v. HBO Film Mgmt., Inc.*, 265 F.3d 178, 184 (3d Cir. 2001).  Typicality does not require that all Class members share identical claims.  *Id.*  The typicality

requirement is permissive: representative claims are "typical" if they are reasonably co-extensive with those of absent Class members; they need not be substantially identical. *See Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 183-84 (3d Cir. 2001); *Barnes v. Am. Tobacco, Inc.*, 161 F.3d 127, 141 (3d Cir. 1998).

Typicality is satisfied if the plaintiff's claims are not "markedly different" from those of other Class members, *Eisenberg v. Gagnon*, 766 F.2d 770, 786 (3d Cir. 1985); *see also McAlarnen v. Swift Transp. Co.*, No. 09-1737, 2010 U.S. Dist. LEXIS 7877, at *12 (E.D. Pa. Jan. 29, 2010), and Plaintiffs and the Class "point to the same broad course of alleged fraudulent conduct to support a claim for relief." *In re Lucent Techs., Inc. Sec. Litig.*, 307 F. Supp. 2d 633, 640 (D.N.J. 2004). "[C]ases challenging the same unlawful conduct which affects both the named plaintiffs and the putative class usually satisfy the typicality requirement irrespective of the varying fact patterns underlying the individual claims." *Baby Neal*, 43 F.3d at 58. "[F]actual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the Class members, and if it is based on the same legal theory." *Id.* (internal quotation marks omitted). Indeed, the Third Circuit recognizes a "low threshold" for satisfying typicality. *Newton*, 259 F.3d at 183-84; *see also McGee v. Cont'l Tire N. Am., Inc.*, No. 06-6234, 2009 U.S. Dist. LEXIS 17199, at *27 (D.N.J. Mar. 4, 2009) ("As with numerosity, the Third Circuit has 'set a low threshold for satisfying' typicality…..").

Here, the claims of the named Plaintiff are typical of those of the Class. Like those of the Class, his claims arise out of representations made by Bayer about its WeightSmart purchased by Plaintiffs and members of the Class. Plaintiff has precisely the same claims as the Settlement Class, and must satisfy the same elements of each of those claims, as must

14

other Settlement Class members.  Supported by the same legal theories, Plaintiff and all Settlement Class members share claims based on the same alleged course of conduct: Bayer's alleged misrepresentations concerning WeightSmart.  Likewise, Plaintiff and all Settlement Class members have been injured in the same manner, if at all, by this conduct. Plaintiff therefore satisfies the typicality requirement.

### 4.   Adequacy

Rule 23(a)(4) requires that class representatives "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy requirement is met if plaintiffs: (1) are represented by competent counsel; and (2) the named plaintiffs' interests are sufficiently aligned with the interests of the putative Class members.  *GM Trucks*, 55 F.3d at 800.  Here, the requirements for adequacy are satisfied.

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class."   "The adequacy of representation inquiry has two components intended to assure that the absentees' interests are fully pursued".  *G.M. Trucks*, 55 F.3d at 800; *see also Chakejian,* 2011 U.S. Dist. LEXIS 63455, at *19-20.  First, "it considers whether the named plaintiffs' interests are sufficiently aligned with the absentees' [interests]." *G.M. Trucks*, 55 F.3d at 800.  Second, "it tests the qualifications of the counsel to represent the class." *Id.* Plaintiffs satisfy both prongs of the adequacy requirement.

First, Plaintiff's claims are co-extensive with those of the Settlement Class.  Plaintiff and each Class member have an identical interest in establishing Bayer's liability.  Plaintiff and each Class member have been injured in the same manner.  Plaintiff asserts the same legal claims and theories as those of all Class members.  Plaintiff seeks the identical relief that would be sought by all members of the Class.  There is no conflict between Plaintiff's

claims and those of the proposed Settlement Class; indeed, Plaintiff is in the best position to represent such claims since he has timely alleged to have actually incurred damages as a result of Bayer's allegedly false advertising claims.  Plaintiff has assumed the responsibility of representing the Settlement Class and has stood ready to represent the class at trial if necessary.  Plaintiff is prepared to continue to diligently pursue this action in cooperation with counsel.  Plaintiff has taken his obligations to the Settlement Class seriously.  Nothing more is required.

Second, Class Counsel has extensive experience and expertise in prosecuting complex class actions, including consumer and product defect actions.  Exs. D and E to the Cecchi Decl. As discussed below with respect to the requirements of Rule 23(g), Plaintiff's counsel are active practitioners who are highly experienced in class action, product liability, and consumer fraud litigation.

In pursing this litigation, Plaintiff and Plaintiff's counsel have advanced and will continue to advance and fully protect the common interests of all members of the Class. Accordingly, Rule 23(a)(4) is satisfied.

## B. Common Questions of Law Predominate and a Class Action Is the Superior Method of Adjudication

To certify a class under Rule 23(b)(3), the Court must find that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members" and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  Fed. R. Civ. P. 23(b)(3).  The existence of individual questions of fact does not *per se* preclude class certification.  *Eisenberg*, 766 F.2d at 787.   Rather, the predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation."  *Amchem Prods., Inc. v.*

*Windsor*, 521 U.S. 591, 623, 117 S. Ct. 2231, 2249 (1997); *see also In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 266 (3d Cir. 2009).

The proposed Settlement Class is well-suited for certification under Rule 23(b)(3) because questions common to the Settlement Class members predominate over questions affecting only individual Settlement Class members, and the class action device provides the best method for the fair and efficient  resolution of the Settlement Class members' claims against Bayer.  When addressing the propriety of Settlement Class certification, courts take into account the fact that a trial will be unnecessary and that manageability, therefore, is not an issue.  *Amchem*, 521 U.S. at 620.

### a. Common Questions Predominate.

A class action is appropriate under Rule 23(b)(3) if "questions of law or fact common to the members of the class predominate over any questions affecting only individual members". Fed. R. Civ. P. 23(b)(3).  "Common issues predominate when the focus is on the defendants' conduct and not on the conduct of the individual Class members." *In re Mercedes-Benz Antitrust Litig.*, 213 F.R.D. 180, 187 (D.N.J. 2003); *see also In re Community Bank*, 418 F.3d at 309 (predominance requirement satisfied where "[a]ll plaintiffs' claims arise from the same alleged fraudulent scheme"; "[t]he presence of potential state or federal claims that were not asserted by the named plaintiffs does not defeat a finding of predominance").  The Third Circuit has noted that the predominance requirement is "readily met" in certain cases alleging consumer fraud. *In re Prudential*, 148 F.3d at 314 (quoting *Amchem*, 521 U.S. at 625).

As discussed above, the same common questions relevant to the Rule 23(a)(2) analysis predominate, including the central questions of whether Bayer misrepresented the

benefits of WeightSmart over other available dietary supplements and vitamins. The predominance requirement is satisfied.

### b. Class Treatment Is Superior To Alternative Methods Of Adjudication.

The Court should certify the Settlement Class if it finds that a "class action is superior to other available methods for fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Class certification is superior where individual claims are small or modest. *In re Prudential*, 148 F.3d at 316; *see also Bredbenner*, 2011 U.S. Dist. LEXIS 38663, at *26-27.

Class treatment here will facilitate the favorable resolution of all Settlement Class members' claims. Given the large numbers of Settlement Class members and the multitude of common issues present, the class device is also the most efficient and fair means of adjudicating these claims. Class treatment in the settlement context is superior to multiple individual suits or piecemeal litigation because it greatly conserves judicial resources and promotes consistency and efficiency of adjudication. Because the claims are being certified for purposes of settlement, there are no issues with manageability, and resolution of many thousands of claims in one action is far superior to individual lawsuits and promotes consistency and efficiency of adjudication. *See* Fed. R. Civ. P. 23(b)(3).

In addition, each Class Member's claims, individually, are of relatively low value. As a practical matter, absent the use of the class action device, it would be too costly and inefficient for any individual plaintiff to finance a lawsuit asserting such claims through trial and appeal. For these reasons, the superiority requirement is easily satisfied.

### C. The Proposed Notice To Class members Is Adequate.

"Rule 23(e)(1)(B) requires the court to 'direct notice in a reasonable manner to all

Class Members who would be bound by a proposed settlement, voluntary dismissal, or compromise' regardless of whether the class was certified under Rule 23(b)(1), (b)(2), or (b)(3)." *Manual for Complex Litig*., *supra*, at § 21.312.  Many of the same considerations govern both certification and settlement notices.  In order to protect the rights of absent Class Members, the Court must provide the best notice practicable to Class Members.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12, 105 S. Ct. 2965 (1985); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-175, 94 S. Ct. 2140 (1974).  "Rule 23 . . . requires that individual notice in [opt-out] actions be given to Class Members who can be identified through reasonable efforts.  Those who cannot be readily identified must be given 'the best notice practicable under the circumstances.'"  *Manual for Complex Litig., supra*, at § 21.311.

To satisfy due process concerns, "notice to Class Members must be reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mehling*, 246 F.R.D. at 477 (internal quotation marks omitted).  "To meet this standard, notice must inform Class Members of (1) the nature of the litigation; (2) the settlement's general terms; (3) where complete information can be located; and (4) the time and place of the fairness hearing and that objectors may be heard."  *Id.*  (internal quotation marks omitted); *see also In re Cendant*, 109 F. Supp. 2d at 254; *In re Prudential*, 962 F. Supp. at 527.

The proposed form of notice, attached as Exhibits B, satisfy all of the criteria above. The language of the proposed notices and accompanying claim form is plain and easily understood, providing neutral and objective information about the nature of the Settlement. The notices provide all pertinent information and fully inform the Class Members of the Settlement, and what actions they may take.  The summary notice explains the benefits of

the Settlement, how to obtain relief from the common fund, the potential Class Members' other rights (*i.e.* the right to opt-out, right to object, the release of claims against Bayer, and their right to hire an attorney) and how to obtain additional information and a claim form.

The notices are clear and straightforward, providing putative Class members with enough information to evaluate the settlement, and to object to the settlement if desired. The publication notice will be published in ten Florida newspapers, which collectively reach residents across the State of Florida.  All notices and the claim form, as well as the full settlement agreement, will be posted on the internet on a settlement-specific website.  This notice is adequate under Rule 23(c)(2).

**D. Scheduling A Final Approval Hearing Is Appropriate.**

The last step in the settlement approval process is a final fairness hearing at which the Court may hear all evidence and argument necessary to make its settlement evaluation. Proponents of the settlement may explain the terms and conditions of the settlement, and offer argument in support of final approval.  In addition, Settlement Class members, or their counsel, may be heard in support of or in opposition to the Settlement Agreement.  The Court will determine after the final approval hearing whether the settlement should be approved, and whether to enter a final order and judgment under Rule 23(e).  The parties propose the following schedule for the Settlement-related events in this case.  The proposed dates in the right column are respectfully requested.

| Event | Proposed Due Date/Deadline |
|---|---|
| Deadline for publishing Notice | December 15, 2014 |
| Deadline for filing of papers in support of | February 20, 2015 |

| | |
|---|---|
| Final Approval of Settlement and Class Counsel's Application for Attorneys' Fee and Expenses | |
| Deadline for submitting exclusion requests or objections | March 10, 2015 |
| Deadline for filing of response to objections | March 20, 2015 |
| Final Approval Hearing | March 30, 2015 |
| Deadline for submitting claims forms | April 14, 2015 |

## III.  CLASS COUNSEL ARE QUALIFIED TO SERVE THE CLASS

Rule 23(g) requires a court to appoint class counsel when it certifies a class.  Class counsel must "fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(4).  Factors to be considered include "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class". Fed. R. Civ. P. 23(g)(1)(A); *see also Mann v. TD Bank, N.A.*, No. 09-1062, 2010 U.S. Dist. LEXIS 112085, at *51-52 (D.N.J. Oct. 20, 2010); *Waudby v. Verizon Wireless Servs., LLC*, 248 F.R.D. 173, 175-76 (D.N.J. 2008).

Class Counsel have extensive experience in prosecuting claims on behalf of consumer classes.  Indeed, as their firm resumes attest, Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. and Whatley Kallas, LLP have experience in a variety of complex

21

litigation matters, including leadership positions in national complex and class action litigations. Cecchi Decl., Exs. D and E. This experience has provided proposed Class Counsel with extensive knowledge of the applicable law. Finally, with the resources available to Class Counsel, there can be no doubt that they have resources to commit to this litigation, and have fully met each challenge encountered in the course of this case.

For the purposes of Rule 23(g), the Court should appoint James E. Cecchi and Lindsey H. Taylor of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. and Joe R. Whatley, Jr. and Patrick J. Sheehan of Whatley Kallas, LLP to act as Class Counsel for the purposes of this Settlement Class.

## **CONCLUSION**

For the foregoing reasons, the parties respectfully request that the Court grant the relief requested herein. A proposed Order is submitted herewith.

Dated: November 21, 2014   CARELLA, BYRNE, CECCHI,
           OLSTEIN, BRODY & AGNELLO, P.C.


           _____/s/ James E. Cecchi_____
           JAMES E. CECCHI

22