# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| GABRIEL JOSEPH CARRERA, on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BAYER CORPORATION and BAYER HEALTHCARE, LLC,<br><br>Defendants. | Civil Action No. 2:08-cv-4716 (JLL)(JAD)<br><br>**FINAL APPROVAL ORDER<br>AND JUDGMENT** |

THIS MATTER having come before the Court for consideration of the parties' application for Final Approval of Class Action Settlement, in accordance with the parties' Settlement Agreement. The terms used in this Order that are defined in the Settlement Agreement shall have the same meaning as set forth in the Settlement Agreement.

WHEREAS, defendants Bayer Corporation and Bayer Healthcare, LLC (collectively, "Bayer") and plaintiff Gabriel Joseph Carrera ("Plaintiff") reached a Class settlement (the "Settlement");

WHEREAS, the parties submitted the Settlement Agreement together with their motion for preliminary approval of the proposed settlement to the Court on November 21, 2014;

WHEREAS, the Court gave its preliminary approval of the Settlement on December 22, 2014 (the "Preliminary Approval Order") and directed the Parties to provide notice to the Class of the proposed Settlement and the Final Approval Hearing by publication and via the internet;

Case 2:08-cv-04716-JLL-JAD   Document 145-1   Filed 04/24/15   Page 2 of 7 PageID: 2901

WHEREAS, the Court appointed Claims Administrator Angeion Group effectuated notice to the Settlement Class in accordance with the Preliminary Approval Order and also pursuant to the notice requirements set forth in 28 U.S.C. § 1715;

WHEREAS, Plaintiff submitted their motion for final approval of class settlement, award of attorneys' fees and expenses, and approval of incentive awards on March 16, 2015; and

WHEREAS, on April 27, 2015, the Court conducted the Final Approval Hearing to determine whether the proposed Settlement is fair, reasonable, and adequate, whether the Settlement should be granted final approved by this Court, whether Class Counsel's request for attorneys' fees and reimbursement of expenses in the amount of $125,000.00 should be awarded; and whether the request for an incentive award to the Plaintiff in the amount of $5,0000.00 should be approved;

WHEREAS, the parties having appeared at the Final Approval Hearing.

THEREFORE, after reviewing the pleadings and evidence filed in support of final approval of the Settlement as well as Plaintiff's requested award for attorney's fees and incentive award and supporting documentation, and hearing the attorneys for the Parties,

IT IS ON THIS 27 day of April, 2015, ORDERED and, ADJUDGED that the Settlement Agreement is hereby finds and orders as follows:

1.  The Court finds, upon review of the Settlement and consideration of the nine factors enunciated in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), that the Settlement is fair reasonable and adequate. Accordingly, the Settlement is hereby finally approved by the Court.

2.  The Settlement is in the best interests of all Class Members and Bayer.

3. This Final Approval Order and Judgment incorporates and makes part hereof the Settlement Agreement and all Exhibits thereto.

4. The Court has personal jurisdiction over all Class Members and Bayer, and the Court has subject matter jurisdiction to approve the Settlement Agreement and all Exhibits thereto.

5. Based upon the record before the Court, including all submissions in support of the Settlement, the absence of a single objection and no opt-out request, as well as the Settlement Agreement itself, the Court hereby certifies a settlement Class of all persons in the State of Florida who purchased One-A-Day WeightSmart dietary supplements and vitamins. Excluded from membership in the settlement Class are: (1) all federal judges to whom an action involving WeightSmart has been assigned and members of their families within the first degree of consanguinity and (2) all officers and directors of Bayer.

In so holding, the Court finds that the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) have been satisfied for certification of the Class for settlement purposes because: Class members, numbering in the thousands, are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Class; the claims and defenses of the Class Representative are typical of the claims and defenses of the Class Members he represents; the Class Representative has fairly and adequately protected the interests of the Class with regard to the claims of the Class he represents; common questions of law and fact predominate over questions affecting only individual Class Members, rendering the Class sufficiently cohesive to warrant a Florida class settlement; and the certification of the Class is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of this matter. In making all of

the foregoing findings, the Court has exercised its discretion in certifying the Class based, *inter alia*, upon the Court's familiarity with the claims and parties in this case.

6. The Settlement Agreement and the proposed Settlement were reached after lengthy and rigorous arms'-length negotiations between the Parties. The Settlement Agreement and the proposed Settlement are fair, reasonable, and adequate; consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, and the United States Constitution (including the Due Process Clause), and any other applicable law.

7. The Settlement was the result of the parties' good faith negotiations and counsel had adequately assessed this case's strengths and weaknesses and structured the Settlement in a way that adequately accounts for those strengths and weaknesses.

8. The Court finds that in negotiating, entering into, and implementing the Settlement, the Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members.

9. The forms and methods of notice described above satisfy the requirements of the Federal Rules of Civil Procedure met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution (including the Due Process Clause), and any other applicable law. The Court further finds that Notice in the form approved by the Court was provided and that it constituted the best practicable notice under the circumstances. The Court further finds that the forms of notice were concise, clear, and in plain, easily understood language and was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, the claims, issues, and defenses of the Class, the definition of the Class certified, their right to be excluded

from the Class, their right to object to the proposed Settlement, their right to appear at the Final Approval Hearing, through counsel if desired, and the binding effect of a judgment on Class Members; (iii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv)

10. The terms of the Settlement Agreement and the Final Approval Order are binding on the Plaintiff and all other Class Members, as well as their heirs, executors and administrators, successors and assigns.

11. As set forth in the Settlement Agreement and by operation of law, and incorporated by reference hereto, the terms of the Settlement Agreement and the Final Approval Order shall have *res judicata*, collateral estoppel, and all other preclusive effect, in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or expenses which are based on or in any way related to any and all claims for relief, causes of actions, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or expenses which were or could have been asserted in the Action or any other claims under state or federal law, which arise from, are based on, or in any way related to Bayer's marketing and sale of WeightSmart in Florida or to the Florida Class.

12. The Parties and their counsel are ordered to implement and to consummate the Settlement Agreement according to its terms and provisions.

13. All claims against Bayer in this Action are hereby dismissed on the merits and with prejudice, without fees or costs to any party except as provided below.

14. The Release set forth in the Settlement Agreement is incorporated by reference and provide, *inter alia*, that for and in consideration of the cash benefits, and the mutual promises contained in the Settlement Agreement, Plaintiff and the Class Members (on behalf of themselves and each of their past, present, or future officers, directors, shareholders, owners, parents, employees, representatives, agents, principals, consultants, contractors, insurers, accountants, attorneys, partners, subsidiaries, members, administrators, legatees, executors, heirs, estates, predecessors, successors, or assigns, and any other Person with which any of them is affiliated or for which any of them is responsible at law, in equity, or otherwise) fully, finally, and forever release, relinquish and discharge, as of the date Final Approval Order becomes final, Bayer and each of its past, present, or future officers, directors, shareholders, owners, parents, employees, representatives, agents, principals, consultants, contractors, insurers, accountants, attorneys, partners, subsidiaries, members, administrators, legatees, executors, heirs, estates, predecessors, successors, or assigns, and any other Person with which any of them is affiliated or for which any of them is responsible at law, in equity, or otherwise, from any and all of the Class Released Claims.

15. The Court hereby grants Class Counsel's request for an award of reasonable attorneys' fees, including reimbursement of costs and expenses, in the total amount of $ _125,000.00_. The payment shall be made by wire transfer to Citibank no later than 30 days after entry of this Order. Citibank will serve as the parties' Escrow Agent and will perform the duties and responsibilities delineated in the parties' Escrow Agreement. Class Counsel shall, in their sole discretion, allocate all fees awarded by this Court to other

participating plaintiffs' counsel. All other payments shall be made in accordance with the terms of the Settlement Agreement.

16. The Court approves the agreement to pay an incentive award to the Class Representative in the amount of $5,000.

17. Nothing in this Final Approval Order and Judgment, the Class Settlement, the Settlement Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Bayer.

18. No Class Member, either directly, representatively, or in any other capacity shall commence, continue, or prosecute any action or proceeding against Bayer in any court or tribunal asserting any of the Class Released Claims, as defined in the Settlement Agreement, and all Class Members are hereby permanently enjoined from so proceeding.

19. Without affecting the finality of the Final Approval Order and Judgment, the Court shall retain continuing jurisdiction over the Action, the Parties and the Settlement Class, and the administration, enforcement, and interpretation of the Settlement. Any disputes or controversies arising with respect to the Settlement shall be presented by motion to this Court, provided, however, that nothing in this paragraph shall restrict the Parties to exercise their rights under Paragraph 18 above.

20. There being no just reason to delay, the Clerk is directed to enter this Final Approval Order and Judgment forthwith.

_____
JOSE L. LINARES, U.S.D.J.